UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERISH FAWN ORTIZ, | No. 2:15-cv-1456 AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter for further proceedings.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on October 24, 2011, and for supplemental security income on January 29, 2013. Administrative Record ("AR") 19 (ALJ decision).[2] The disability onset date for both applications was alleged to be January 20, 2011. Id. The applications were disapproved initially and on reconsideration. Id. On July 16, 2013, ALJ Mark C. Ramsey presided over the hearing on plaintiff's challenge to the disapprovals. AR 34-100 (transcript). Plaintiff was present and testified at the hearing. Id. Plaintiff was represented by an unidentified attorney at the hearing.[3] Id. No vocational expert was present.

On October 17, 2013, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 19-28 (decision), 29-33 (exhibit list). On May 18, 2015, the Appeals Council received counsel's briefs (Exh. 20E) and medical records (Exh. 19F) as additional exhibits. AR 6. The Appeals Council declined to receive other medical records, stating that they related to a time period after the ALJ's decision. AR 2. The Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4 (decision), 5 (additional exhibit list).

Plaintiff filed this action on July 8, 2015. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 3, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 13 (plaintiff's summary judgment motion), 17 (Commissioner's summary judgment motion), 18 (plaintiff's reply).

II. FACTUAL BACKGROUND

Plaintiff was born on June 23, 1979, and accordingly was 31 years old on the alleged disability onset date, making plaintiff a "younger person" under the regulations. AR 27; see 20

---

[2] The AR is electronically filed at ECF Nos. 12-3 to 12-12 (AR 1 to AR 542).
[3] John M. Angerer, Esq., was plaintiff's attorney at the time. AR 19.

C.F.R §§ 404.1563(c), 416.963(c).  Plaintiff has a high school education, and can communicate in English.  AR 27.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not

disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since January 20,2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: obesity, osteoarthritis of the knees, right ear mixed hearing loss, and depression (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can perform simple, unskilled work.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. [Step 5] The claimant was born on June 23, 1979 and was 31 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

>   8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
>   9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>   10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
>   11. The claimant has not been under a disability, as defined in the Social Security Act, from January 20, 2011, through the date of this decision (20 CFR 404.1520(g) and 416. 920(g)).

AR 19-28 (excerpted).

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 28.

## VI.  ANALYSIS

Plaintiff argues that the ALJ erred by rejecting the treating doctor's opinion.[4] "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Id.  However, the ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d

---

[4] Plaintiff offers additional arguments in support of her request for remand "to fully develop the record." See ECF No. 13-1.  Since the court will order such a remand based upon the ALJ's erroneous rejection of the treating doctor's opinion, it does not consider plaintiff's remaining arguments.

1219, 1228 (9th Cir. 2009) (internal quotation marks omitted).

### A. Treating Doctor – Joseph Marzano, M.D.

Plaintiff's treating doctor is Joseph Marzano, M.D., of Consumers Self Help Wellness & Recovery Center (apparently a part of Sacramento County Mental Health).  See AR 89-93.  Dr. Marzano first saw and treated plaintiff on August 28, 2012, and diagnosed her with "Depression, unspecified," and "Cluster C traits."  AR 351.  Dr. Marzano again saw plaintiff on May 7, 2013. AR 504.

On July 11, 2013, Dr. Marzano completed a document entitled "Mental Residual Functional Capacity Questionnaire."  AR 508-10.  The form identifies four "performance" categories, and provides space for the doctor to check off which of several abilities is described by which category.[5]  The categories are:

> Category I:    Does not preclude performance of any aspect of the job
> Category II:   Precludes performance for 5% of an 8-hour day
> Category III:  Precludes performance for 10% of an 8-hour day
> Category IV:   Precludes performance for 15% or more of an 8-hour day

Dr. Marzano concluded, in relevant part, that because of plaintiff's mental impairments:

> (1) For 10% of an 8-hour work day (Category III), plaintiff was unable to:
>
>> (a) "Carry out very short and simple instructions."  AR 508 ¶ II(4) ("Mental Abilities Sustained Concentration and Memory");
>>
>> (b) "Interact appropriately with the general public."  AR 509 ¶ III(12) ("Social Interaction");
>>
>> (c) "Accept instructions and respond appropriately to criticism from Supervisors." Id. ¶ III(14); and
>>
>> (d) "Get along with coworkers or peers without distracting them or exhibiting behavioral extremes."  Id. ¶ III(15).
>
> (2) For 15% or more of an 8-hour work day (Category IV), plaintiff was unable to "Maintain attention and concentration for extended periods of time."  AR 508 ¶ II(6).

---

[5] Dr. Marzano also concluded that plaintiff had (1) "marked" difficulties in maintaining social functioning, (2) "moderate" restrictions of activities of daily living, (3) "moderate" deficiencies of concentration, persistence or pace, and "one or two" episodes of decompensation within a 12 month period.  AR 510.

7

(3) Plaintiff would be "off task" for 20% of an 8-hour work day. AR 509 ¶ 2.

(4) Plaintiff would be unable to work for three (3) work days per month, on average. AR 509 ¶ 3.[6]

The ALJ found that the only restriction on plaintiff's ability to do "the full range of sedentary work," was that she was limited to "simple, unskilled work." AR 24, 27. The ALJ found that this had "little or no effect on the occupational base of unskilled sedentary work." AR 27. The ALJ thus implicitly rejected Dr. Marzano's opinion – stating that he was giving it "little weight" – since the limitations contained in Dr. Marzano's opinion plainly exceeded those the ALJ considered in determining what jobs were available to plaintiff.

The ALJ found Dr. Marzano's opinion to be "unpersuasive" because: (1) it relies on plaintiff's "subjective statements" rather than "objective findings of mental disease," and "there is reason for questioning the reliability of the claimant's subjective complaints;" (2) "Dr. Marzano's own findings on examinations fail to support the limitations he provided," and (3) "Dr. Marzano's opinion is not consistent with the other medical evidence and opinions in file." AR 26.

A. Plaintiff's Subjective Statements

The ALJ rejects Dr. Marzano's opinion "because it *appears* to rely heavily on the claimant's own subjective statements rather than on objective findings of mental disease, and seems to accept uncritically as true most, if not all, of what the claimant reported." AR 26 (emphasis added). However, the ALJ does not explain what part of the record supports his conclusion, and indeed, the record before the court does not support it. Dr. Marzano naturally would have listened to his patient, and taken her statements into account. However, the record indicates that Dr. Marzano met with plaintiff, conducted a "Mental Status Examination ("MSE")" of her, made his own "Assessment" of her condition, and rendered a diagnosis, on August 28, 2012. There is no evidence that Dr. Marzano simply wrote down the limitations or complaints that plaintiff told him, or that he was unduly influenced by her statement of her own limitations.

---

[6] The form states that plaintiff would be unable to *complete* an 8-hour work day for 3 days per month, on average. AR 509 ¶ 3. Both sides interpret that to mean that plaintiff could not work at all for 3 days per month. See ECF Nos. 13-1 at 16 (plaintiff), 17 at 11 (defendant). Since the parties agree on the meaning of the form's language, the court adopts their interpretation.

1 Indeed, there is nothing in the record that indicates that plaintiff even offered any opinion of her

2 own limitations. The only evidence of anything that plaintiff "reported" to Dr. Marzano is that

3 "[s]he reports that she is not currently drinking." AR 352.[7]

4 As for what the ALJ described as the absence of "objective findings of mental disease," it

5 is true that there is no evidence in the record that Dr. Marzano conducted specific psychiatric tests

6 on plaintiff. However, strict objective demonstrability is not the correct standard to be applied in

7 evaluating evidence of mental disorders:[8]

> Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine. In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness. … Rather, when mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnoses and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the

////

---

[7] In any event, the ALJ's reasons for finding plaintiff not to be credible are not valid. The ALJ states that plaintiff stopped working for reasons "not related" to her alleged disabilities. AR 26. But her testimony – the only evidence the ALJ used to reach this conclusion – was that it was her inability to meet the physical requirements of the job that caused her to break company policy, which led to her firing. See AR 44-47. While plaintiff's conduct may cause the ALJ to question her judgment, it does not show that her testimony was not credible. The ALJ also states that plaintiff kept working after her alleged onset date. AR 26. But her testimony – again, the only evidence the ALJ uses – is clear that she *tried and failed* to keep working, but was unable to engage in gainful employment because of her disability. See AR 47-55. This is not a basis for finding that plaintiff was not disabled. See Lingenfelter v. Astrue, 504 F.3d 1028, 1038 (9th Cir. 2007) ("It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed,* that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful employment. Indeed, we have suggested that similar evidence that a claimant tried to work and failed actually *supported* his allegations of disabling pain.") (emphases in text).

[8] It is not clear what the ALJ even means when he says that there are no "objective findings of mental disease." The ALJ himself has already found that plaintiff has the "severe impairment" of mental disease, namely, "depression." AR 21 (Step 3). Although the ALJ incongruously states that plaintiff "had no mental health treatment," he cites the record showing that plaintiff was hospitalized, diagnosed with, and treated for, depression, and showing that she was diagnosed with, and treated for, depression and Cluster C personality traits, at an outpatient clinic. AR 22.

> psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic technique.

Lebus v. Harris, 526 F. Supp. 56, 60 (N.D. Cal. 1981) (citations omitted); Averbach v. Astrue, 731 F. Supp. 2d 977, 986 (C.D. Cal. 2010) (same). The record indicates that Dr. Marzano's opinion was substantially based on his own clinical observations, and therefore there is no evidentiary basis for rejecting the opinion. Cf. Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1199–200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").

In short, it was error for the ALJ to reject the treating doctor's opinion on the grounds that it relied on plaintiff's subjective statements, as the ALJ fails to identify any evidence that Dr. Marzano unduly relied on such statements.

### B. Dr. Marzano's Findings

The ALJ asserts that "Dr. Marzano's own findings on examinations fail to support the limitations he provided." AR 26. The ALJ does not identify what "findings" he is referring to, and so the court would have to guess what he had in mind. Just as problematic, however, the ALJ does not specify why, in his view, the unspecified findings do not support the limitations:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

There is nothing in Dr. Marzano's findings that would enable this court, without playing doctor, to conclude that plaintiff's limitations are not what Dr. Marzano found them to be. Among Dr. Marzano's findings are that plaintiff suffers from "depression," and that she suffers from "Cluster C traits." The ALJ does not explain why these two impairments – or depression alone for that matter – are insufficient to substantiate the limitations Dr. Marzano identified.

10

1  Dr. Marzano goes on to find, in his mental status examination, that plaintiff is "dependent,
2  avoidant slightly." AR 352. These may seem like unremarkable characteristics, not likely to lead
3  to any functional limitations. Since the ALJ does not identify which findings he found to be
4  insufficient, he may have been referring to these seemingly unremarkable findings. However, it
5  is quite likely that these findings – "avoidant" and "dependent" – refer to medical terms of art for
6  specific medical conditions, namely "Dependent personality disorder," and "Avoidant personality
7  disorder," which are, in turn, two of the "Cluster C" Personality Disorders.[9] The ALJ fails to
8  explain why these findings – if indeed they are the ones he was referring to – do not support the
9  limitations Dr. Marzano proposed.

### C. Other Medical Evidence on File

The ALJ rejects Dr. Marzano's opinion as being not consistent with the other medical evidence and opinions in file. However, the ALJ does not identify what evidence or opinions he is referring to. It is not sufficient for the ALJ simply to state that evidence and opinions exist that are contrary to the treating doctor's opinion, leaving it to the court to dig around through the record in search of the unidentified evidence and opinions. See Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("[t]he ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence"). The opinions cited in the ALJ's decision – including the opinion of Dr. Owen (AR 300-05) – make no mention of the types of restrictions Dr. Marzano placed on plaintiff, and therefore there is no basis for saying that they are not consistent with Dr. Marzano's.

### D. Remand

The court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further

---

[9] "Cluster C traits" appears to refer to "Cluster C Personality Disorders," which include "Avoidant personality disorder" and "Dependent personality disorder." See http://www.mayoclinic.org/diseases-conditions/personality-disorders/basics/symptoms/con-20030111 (last visited by the court on September 14, 2016).

administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

> More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000)).

Here, the ALJ erred in rejecting the treating doctor's opinion without giving sufficient reasons for doing so. If that opinion is credited as true, plaintiff has sufficient non-exertional limitations that would preclude the use of the Medical-Vocational Guidelines ("the Grids") to determine whether he is disabled. See 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e) (since the Medical Vocational Guidelines "are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs, they may not be fully applicable where the nature of an individual's impairment does not result in such limitations, e.g., certain mental, sensory, or skin impairments"); Lounsburry v. Barnhart, 468 F.3d 1111, 1115 (9th Cir. 2006) (same); Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988) ("the grids will be inappropriate where the predicate for using the grids – the ability to perform a full range of either medium, light or sedentary activities – is not present"). In such a case, the ALJ "must take the testimony of a vocational expert, and identify specific jobs within the claimant's capabilities." Burkhart, 856 F.2d at 1340 (citation omitted).

To give just one example, Dr. Marzano opines that plaintiff would miss 3 days of work per month, on average. This is plainly a significant non-exertional limitation that would require the use of a vocational expert to determine whether any jobs remained available to plaintiff. See, e.g., Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1164 (9th Cir. 2012) (remanding for immediate payment of benefits where "the vocational expert testified before the ALJ that the

////

1 three kinds of jobs for which Brewes was qualified would not tolerate absences of two days a
2 month").

3     Since no vocational expert was used here, the record is not fully developed, and the matter
4 must be remanded for further proceedings.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17), is DENIED;

3. This matter is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this decision; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 16, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE